In the Matter of the Estate of FREDERIC W. JENKINS, Deceased.

Surrogate's Court, Broome County, December 18, 1936.

*Jenkins, Deyo & Hitchcock*, for the administrator with the will annexed and as trustee thereunder.

*G. Mead Willsey*, special guardian for infants.

*Paskus, Gordon & Hyman*, for Dorothy Crouch Harris and others.

*Joseph Haskell*, for Franklin B. Crouch.

BAKER, S.  This proceeding involves the determination of the issue as to whether or not Mary R. Jenkins, the wife of said testator, survived him, and, if not, for the construction of subdivision (A) of the third paragraph of the last will and testament of said Frederic W. Jenkins, deceased, and the effect of all provisions in said last will and testament for the benefit of said Mary R. Jenkins and the disposition to be made of all such bequests; and also as to the validity of the trusts created in paragraphs third and seventeenth of said last will and testament.

Concerning the issue as to whether or not Mrs. Jenkins survived the decedent, a hearing was had before this court on the 12th day of November, 1936. The evidence adduced thereon shows that said decedent and his wife were both killed in a common disaster on the 23d day of April, 1936, when a west-bound Lackawanna train struck the automobile in which they were riding at a grade crossing in the town of Conklin, Broome county, N. Y.

After a careful review of the evidence relating to said deaths, I am of the opinion and so find that said decedent and his wife died simultaneously from said collision, and that said Mary R. Jenkins did not survive decedent.

This leads us to the consideration of the construction of subdivision (A) of the third paragraph of the said will, which reads as follows: " I give and bequeath to my dear wife, Mary R. Jenkins, to her and her heirs forever, the sum of fifteen thousand dollars ($15,000.00)."

The question involved in such construction is: Are the words " to her and her heirs forever " words of limitation or of substitution?

If construed as words of substitution, said legacy passes to the five nephews and nieces, next of kin of said Mary R. Jenkins, deceased, all of whom are strangers of the blood to the testator.

If construed as words of limitation, the bequest lapses and falls into the residuary estate of the testator for the benefit of his two daughters and their children.

" In the construction of a will we seek the intent of the testator as exhibited by the words he has selected. Canons of construction may aid us. Based as they are upon general considerations; upon guesses as to what the average man would intend by this expression or by that, we rest upon them in the absence of more certain indications. Slight variations of phrase, however, or differences in arrangement may lead us to opposite results." (*Matter of Bump*, 234 N. Y. 60, 63.)

In considering the intention of the testator, such intent is not to be judged by what he might have desired to accomplish in the light of eventualities which have transpired since the execution of the will. The only intent relevant or important is as to the disposition of his property which the testator had in mind at the precise moment of his signature of the will which is the subject-matter of the construction.

*Matter of Barrett* (141 Misc. 637) is quite illuminating on the question involved herein. In that case the testator died, leaving him surviving his sister, Emma J. O'Dell, his only heir at law and next of kin. Under the third paragraph of his will he gave half of his residuary estate to Lillian M. Cook, a daughter-in-law

of the deceased wife of the testator, " and her heirs forever." Lillian M. Cook died prior to the death of the testator. She left her surviving as her only heir at law and next of kin a daughter, Bertha Johnson. Emma J. O'Dell, the sister of testator, contended that the words, " and her heirs forever," were words of limitation, and that by reason of the death of Lillian M. Cook prior to that of the testator the legacy and devise lapsed, and that the one-half of the residuary estate mentioned passed to her, Emma J. O'Dell, as testator's only heir at law and next of kin. The executor contended that the words, " and her heirs forever," were words of substitution, and that the legacy did not lapse and that the property mentioned in that paragraph of the will passed under the will to the next of kin of Lillian M. Cook. Surrogate GRANT of Jefferson county held that the words, " and her heirs forever," are words of limitation and not of substitution. He says (at p. 640) : " He used the word ' and,' not the word ' or.' He said ' and her heirs forever,' not ' or her heirs forever.' In the usual and commonly accepted meaning of these words ' and ' is a connective, while ' or ' is a disjunctive. Each has a fairly well-defined meaning and use. ' And ' is not correctly or generally used to express an alternative, unless followed by words which clearly indicate that intent. ' Or ' is correctly and generally used for that purpose. While they are not always to be accepted in accordance with their strict grammatical sense, and while ' and ' sometimes is taken to mean ' or,' and ' or ' sometimes is taken to mean ' and,' that can be done only when such change is justifiable; that is, when the testator's intent as gathered from the whole will clearly authorizes it, and not otherwise. It can be done only in aid of the testator's intent, never to change the testator's intent or to make for him a new will. It is urged on behalf of the next of kin of Lillian M. Cook that the word ' and ' as here used should be interpreted, or rather construed, to mean ' or,' and the word ' heirs ' to mean ' next of kin.' It does not seem to me that such construction is justified. The testator's intent as gathered from the whole will does not clearly authorize it. * * *. The word ' heirs ' is naturally and presumptively a word of limitation." (Citing *Matter of Tamargo*, 220 N. Y. 225.)

The surrogate then discusses the *Evans Case* (234 N. Y. 42), and adds (at p. 642) : " It follows that the expression ' and her heirs ' is naturally and presumptively a term of inheritance or limitation, not a term of purchase or substitution. And this presumption is strengthened by the use of the word ' forever ' after the word ' heirs.' The testator used the words ' and her heirs forever.' There seems to be no justification for changing ' and ' to ' or '

and ' heirs ' to ' next of kin.' We must adhere to the terms of the will and to the language as used by the testator."

The surrogate then quotes several well-recognized rules of construction. At page 643 he quotes from *Wood* v. *Mitcham* (92 N. Y. 375): " But the rule that ' where a will is capable of two interpretations, that one should be adopted which prefers those of the blood of the testator to strangers * * * can be overcome only by clear and unequivocal language.' "

The surrogate then adds: " The rule which prefers the testator's sister seems to me to have greater weight than the rule the application of which would disinherit her in favor of his deceased wife's grandchild, who was not his blood relative. There is here no clear and unequivocal language which tends to overcome the natural presumption in favor of the sister. The language used seems rather to support that presumption. * * * I believe that the testator intended the words ' and her heirs forever,' used in said 3d paragraph, as words of inheritance or limitation and not as words of purchase or substitution; that the legacy and devise to Lillian M. Cook was absolute and not in the alternative; that it lapsed by reason of her death prior to that of the testator; that the testator died intestate as to the one-half of the residuary estate mentioned in the 3d paragraph of his will, and that the same goes to his sister, Emma J. Odell, as his only heir at law and next of kin."

A devisee or legatee having died during the lifetime of the testator the presumption is, as above stated, that the testator did not intend the gift to be taken by any other person; and this presumption will be effective unless there is something to establish a contrary intention. Indeed, in order that there may be a substitution of the devisees or legatees, issue or descendants, the will must contain a plain expression of intention. It is not the policy of the courts to strain after a construction that will prevent legacies from lapsing. To do so would, in many instances, thwart the wishes of testators by giving their property to persons in whom they had no interest. The rule is, therefore, steadily adhered to, that no words must be altered or supplied to prevent a lapse, unless the will itself demonstrates that the testator intended a substitution of the heirs of the devisee or legatee in the event of his or her death before that of the testator. However, a conclusion that issue were intended to be substituted may rest upon probability, as in any other case, and the probability that such was the testator's intention may be established, it seems, by the extraneous circumstances and the presumptions engendered thereby. The question as to whether a substitution was intended by the testator is to be determined in

the same situations by the general presumptions, the facts relating to the testator's kinsmen, the state of his affections, and the other surrounding circumstances, and the decision may be controlled by the testator's purposes in respect to the objects of his bounty, as gathered from the provisions of the will as a whole.

From an examination of the entire will of said testator, it appears that his primary and dominant purpose was to provide for his wife in a liberal manner and at the same time to provide for his two daughters.

I have carefully examined the brief of counsel, who contends that upon a reading of the whole will it should be so construed that the testator in using the words " to her heirs forever," meant to use said language in a substitutive sense. I fail, however, to find any language in the will to indicate such an intention upon the part of the testator, and am of the opinion and so find that the testator used such language as a term of limitation.

I, therefore, hold and determine that said bequest of the sum of $15,000 to said testator's wife, Mary R. Jenkins, lapsed and became a part of his residuary estate.

In view of the determination that said Mary R. Jenkins did not survive the testator, it follows that all of the provisions for her benefit in said last will and testament lapsed.

I further hold and determine that all of the trusts created in the third and seventeenth paragraphs of said last will and testament for the benefit of Ethel Jenkins Leighton and Ruth Jenkins Stowell and their children are void, as they offend the provisions of sections 11 of the Personal Property Law and 42 of the Real Property Law, with the result that testator died intestate as to that part of his estate attempted to be disposed of by any of the provisions of the said third and seventeenth paragraphs of said last will and testament, and including in such intestate property all bequests which lapsed and would in the instant case, by operation of law, become a part of the residuary estate of said testator.

Enter decree on five days' notice construing the will accordingly.