**STATE of Delaware**

v.

**David E. KLOSOWSKI.**

Superior Court of Delaware,
New Castle.

June 7, 1973.

William E. Wright, Deputy Atty. Gen., Wilmington, for the State of Delaware.

Bernard A. Van Ogtrop, of Cooch & Taylor, Wilmington, for the defendant.

## OPINION

TEASE, Judge.

The defendant was convicted, in a non-jury trial, of a violation of 11 Del.C., § 465(A), possession of a sawed-off shotgun. The evidence showed that the shotgun barrels were slightly less than 18 inches in length and overall length of the weapon was just over 26 inches.

The statute in question reads, in pertinent part, as follows:

"The term 'short-barrelled' or 'sawed-off shotgun' as used in this section means a shotgun having one or more barrels less than 18 inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than 26 inches."

The defendant moves for judgment of acquittal on the ground that the statute proscribes the possession of a shotgun that (1) has one or more barrels less than 18 inches in length *and* (2) has an overall length less than 26 inches—not either, both. He argues that the word "and" in the third line of § 465A(c) is used in the conjunctive sense rather than the disjunctive.

■ "And" is a connective, in its commonly accepted meaning, and is not generally used to express an alternative—unless it is followed by words which clearly indicate that intent. In Re Jenkins Estate (1936) 161 Misc. 359, 291 N.Y.S. 988.

■ "Words which clearly indicate (the) intent" to express an alternative are surely found in the Delaware statute, creating an exception to the ordinary rule of construction.

For the sake of clarity, I paraphrase the Delaware statute defining the prohibited act as follows:

One may not possess "a shotgun" with a barrel less than 18 inches or a "weapon made from a shotgun" if such weapon is less than 26 inches in overall length.

Two separate and distinct firearms are described and two separate evils are anticipated.

First, one who shortens a shotgun barrel to 12 inches may more easily conceal an extremely dangerous weapon and fire it "from the shoulder". (See § 465A(b))

Secondly, one who removes the stock of a "shotgun" up to the trigger guard, rendering it incapable of firing from the shoulder, and reduces the barrel length to, say, 20 inches, for an overall length of 24 inches, has created a "weapon made from a shotgun", i. e., a handgun, and he too may more easily conceal an extremely dangerous weapon.

The intent of the legislation is, therefore, apparent and the motion must be denied.

■ It seems, however, that it behooves the State to seek immediate revision of all of § 465A. Sec. (a) prohibits the possession of "a short-barrelled or sawed-off shotgun". Sec. (b) defines "shotgun" as a weapon designed and intended to be fired "from the shoulder". Sec. (c) then begins with, "The term 'short-barrelled' or 'sawed-off shotgun' as used in this section means a shotgun . . .".

The statute should clearly name the two general types of weapons prohibited and describe each one as attempted in the present section (c).

The defendant's motion is denied.