*162 OPINION OF THE COURT
Alfred H. Kleiman, J.
Defendant was indicted on two counts of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (1) (possession of a weapon in the fourth degree: possession of any firearm, having been previously convicted of any crime) and Penal Law § 265.02 (4) (possession of a loaded firearm). Defendant now moves to dismiss the indictment on the grounds that the Grand Jury proceeding was defective because the District Attorney did not adequately charge the Grand Jury on the law.
THE ISSUES
According to a police ballistics report, upon which both parties rely on this motion, the gun in question is a working .12 gauge Sears and Roebuck, J.C. Higgins bolt action shotgun loaded with four live rounds. The barrel was cut down to a length of 15 inches; the stock was also cut down so that the over-all length of the gun is 26 lá inches.
Penal Law § 265.00 (3) (b) reads: " 'Firearm’ means * * * (b) a shotgun having one or more barrels less than eighteen inches in, length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than twenty-six inches”.
Penal Law § 265.00 (12) states: " 'Shotgun’ means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.”
The District Attorney instructed the Grand Jury that a "firearm” was defined "in pertinent part as a shotgun having one or more barrels less than eighteen inches in length”. He did not instruct the Grand Jury to consider the over-all length of the gun pursuant to Penal Law § 265.00 (3) (b) nor did he instruct the Grand Jury as to the definition of "shotgun” or seek to distinguish a "shotgun” from a "weapon made from a shotgun”.
Now, on this motion to dismiss, defendant sets forth two basic arguments. First, he contends that to fall within the *163 definition of "firearm” set out in Penal Law § 265.00 (3) (b), a shotgun must have both a barrel length of less than 18 inches and an over-all length of less than 26 inches. He thus argues that the statute must be read in the conjunctive rather than the disjunctive. Second, defendant argues that even should the statute be read in the disjunctive, it distinguishes between "shotguns” and "weapons made from shotguns” and that the weapon here falls into the latter category and must therefore be judged only by the 26-inch over-all length standard.
These are issues of first impression and are surprisingly not susceptible of easy answers.
DISCUSSION
This court’s inquiry into the meaning of the statutes in question is guided by Penal Law § 5.00 which reads: "The general rule that a penal statute is to be strictly construed does not apply to this chapter, but the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of law.” Thus, while statutory language must be given its commonly accepted meaning, this need not end the analysis. (See, People v Richardson, 4 NY2d 224 [1958] [in which the conjunctive "and” as it appears in NY Const, art I, § 6 was construed in the disjunctive].) This court must therefore look beyond the statutory language to determine legislative intent, the policy considerations underlying the statute and the ultimate results sought by the Legislature. As stated by the Court of Appeals "We must effectuate the legislative purpose and design as * * * we find them expressed by the language and spirit of the statute” (Gibbs v Arras Bros., 222 NY 332, 334-335 [1918]; emphasis added).
Accordingly, I have extensively reviewed the legislative history of the relevant New York statutes as well as parallel provisions in other jurisdictions.
i.
New York’s current statutory classification of certain shotguns as "firearms” grew out of dissatisfaction and confusion arising from the previous subjective standard of Penal Law former § 265.00 (3) which defined "sawed-off shotguns” as being "of a size which may be concealed upon the person”. The present version, enacted in 1982, is an attempt to set down precise objective standards. To this end, the Legislature *164 adopted the definition of "firearm” in Penal Law § 265.00 (3) (b), which is identical to the definition of "short-barreled shotgun” found in the United States Code. (18 USC § 921 [a] [6].) This Federal provision is part of chapter 44, entitled "Firearms”, which was added to title 18 by title I of the Gun Control Act of 1968. Sections 921 et seq. of title 18 prohibit anyone not properly licensed from transporting "short-barreled shotguns” in interstate or foreign commerce and from selling or delivering same to any person. The definition of "shotgun” under 18 USC § 921 (a) (5) is also identical to New York’s Penal Law § 265.00 (12). The legislative history of these Federal statutes does not directly resolve the conjunctive/ disjunctive ambiguity or the distinction between "shotgun” and "weapon made from a shotgun”. Nor is there any Federal case law on point.
There is, however, another set of Federal provisions governing sawed-off shotguns found in the Internal Revenue Code. Part of the National Firearms Act (26 USC § 5801 et seq.), these regulations provide for the registration of "firearms” and taxation on their transfer or delivery. The definition of "firearm” in 26 USC § 5845 (a), as amended by title II of the Gun Control Act of 1968, reads in pertinent part: "(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length”.*
The reason for the different language of the two Federal shotgun provisions, one amended by and the other added by the Gun Control Act, is not forthcoming. The legislative history of 18 USC § 921 (a) (6), however, does state "The term 'short-barreled shotgun’ is defined as a shotgun which comes within the purview of the National Firearms Act (26 U.S.C. 5801 et seq.); that is, a shotgun having a barrel less than 18 inches in length or a modified shotgun having an overall length less than 26 inches.” (HR Rep No. 1577, 90th Cong, 2d Sess 6, reprinted in 1968 US Code Cong & Admin News 4416; emphasis added.) Certainly then the application of these two provisions to the same shotgun should not yield different results. A gun which is a "firearm” under 26 USC § 5845 (a) (1) should also be a "short-barreled shotgun” within the meaning of 18 USC § 921 (a) (6).
*165 In any event, the legislative history of New York Penal Law § 265.00 (3) (b) reveals that the draftsmen certainly meant to use 26 USC § 5845 (a), not 18 USC § 921 (a) (6), as their model. State Senator Tarky Lombardi, Jr., who introduced the 1982 amendment into the Senate, stated in the chapter law memorandum that the purpose of amending Penal Law § 265.00 was "to eliminate the existing ambiguity in the penal law by clearly defining 'sawed-off shotgun’ and to adopt similar standards used in 27 states and the National Firearms Act” (1982 NY Legis Ann, at 153; see also, State Assembly mem in support of legislation for Assembly bill 9822 [1982]).
Senator Lombardi took particular note of the opinion in People v Cortez (110 Misc 2d 652, 663 [1981]) by my respected colleague Justice Irving Lang who wrote "there is no reason why our Legislature could not easily solve the problem [of the subjective concealability standard] by adopting the same law that is standard in 27 states and by the National Firearms Act. Those laws simply prohibit the possession of a sawed-off shotgun with a barrel of less than 18 inches or an over-all length of less them 26 inches.”
Arnold Hechtman’s Supplementary Practice Commentary for Penal Law § 265.00 also indicates that the Legislature intended to copy the National Firearms Act definition. After noting the impetus of Justice Lang’s opinion, the commentary continues: "Another puzzling aspect is the draftsmanship of the new provisions. Presumably they were modelled on the federal law which defines a shotgun in terms of either the barrel length or the overall weapon length. For some reason that is not readily apparent, the provisions here were drafted in the conjunctive rather than the disjunctive.” (McKinney’s Cons Laws of NY, Book 39, Penal Law § 265.00 [1986 Pocket Part], p 69; emphasis added.) The reason appears to be that the draftsmen unintentionally used the "wrong” Federal statute as a model.
The New York legislative history thus reveals an intent to adopt a standard consistent with a disjunctive reading of the language actually enacted. There is also support for such an interpretation from at least one appellate court decision, albeit only in dictum. In People v Tucker (102 AD2d 535, 539 [2d Dept 1984]), decided under the old subjective concealability standard, the court noted that the barrel of the shotgun defendant Tucker had been convicted of possessing "measured 15% inches, and thus the gun would qualify as a 'firearm’ *166 under the present statutory definition [Penal Law § 265.00 (3) (b)] as well.” The court took this position despite the gun’s over-all length of 30% inches.
Moreover, courts in at least two other States which adopted statutes modeled on 18 USC § 921 (a) (6) have been confronted with the very same arguments now before this court and have resolved the conjunctive versus disjunctive ambiguity in favor of a disjunctive reading. The court in State v Klosowski (310 A2d 656, 657 [Del Super Ct 1973]) read the Delaware statute, which was virtually identical to our present Penal Law § 265.00 (3) (b), to outlaw a shotgun with a barrel length of slightly less than 18 inches but an over-all length of slightly more than 26 inches. The court read the statute in the disjunctive, holding (p 657) that despite the use of the conjunctive "and” "[t]wo separate and distinct firearms are described and two separate evils are anticipated.” Apparently following the Klosowski court’s recommendation (see, supra, at p 657), the Delaware statute was subsequently changed to read in the disjunctive. (Del Code Ann, tit 11, § 1444 [1974].)
Interpreting Indiana’s statute, which was virtually identical to our section 265.00 (3) (b), the appellate court in Brook v State (448 NE2d 1249 [Ind Ct App 1983]) held that a shotgun with a barrel length of 15% inches but an over-all length of 29 inches was a "sawed-oif shotgun” within the meaning of the statute. This statute was also subsequently amended. (Ind Code Ann § 35-47-1-10 [1983].) The court found that the use of the word "and” did not mean the Legislature intended to set forth a single definition of "sawed-off shotgun” containing two separate requirements. The court noted a twofold legislative intent: one, to ban shotguns which are easily concealed and, second, to ban shotguns which, while they may not be easily concealed, have nonetheless lost any legitimate use as hunting or sporting weapons due to a reduction in barrel length. (Supra, at p 1251.)
But if, as defendant here asserts, concealability was the sole concern of the New York Legislature, it may be contended that the statute should be read in the conjunctive so as to ban only shotguns with an over-all length of less than 26 inches. Otherwise, so the argument goes, the statute improperly outlaws shotguns with barrel lengths of less than 18 inches even though their over-all length might be well over 26 inches thus making them virtually impossible to conceal on the person.
*167 Clearly, however, our Legislature was concerned with more than just concealability. The New York State Assembly Memorandum in Support of Legislation submitted for the bill which amended section 265.00 (3), under the heading "Justification”, states in part "A shotgun which has been modified and the 'choke’ removed will spread the pellets of a single shot over a much larger area and reduce the range. A weapon of this sort has no legitimate purpose as a sport firearm.” (1982 NY Legis Ann, at 153.) Thus, the Legislature intended to outlaw a class of shotguns commonly used only for criminal purposes and a shotgun may fall within this class based only on its barrel length. (See also, the thorough discussion of this point in People v Cortez, supra, at pp 654-655, and Brook v State, supra, at p 1251.) After all, the Legislature could have defined the class by over-all length alone.
But the statute does set forth a barrel length limitation which I find, according to the legislative intent to prohibit possession of weapons without legitimate uses, must be applied independently of the over-all length limitation. I note that such an independent application is in keeping with the "Congressional Findings and Declaration” for title 18, § 921 et seq. which states: "it is not the purpose of this title to place any undue or unnecessary Federal restrictions or burdens on law-abiding citizens with respect to the acquisition, possession, or use of firearms appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any other lawful activity” (Gun Control Act of 1968, Pub L 90-618, § 101, 82 US Stat 1213-1214 [1968]).
The statute must therefore be read in the disjunctive, so that the 18-inch barrel length limitation is applied separately, in order to give effect to the obvious intent of the Legislature.
n.
The more troublesome argument, however, is that under the language of Penal Law § 265.00 (3) (b), the 18-inch barrel limitation applies only to "shotguns” and that once a "shotgun” is altered or modified so as to become a "weapon made from a shotgun” only the over-all length is at issue. I note first that the definition of "shotgun” includes weapons "designed or redesigned, made or remade and intended to be fired from the shoulder” (emphasis added). This definition is broad enough to include more than shotguns as originally manufactured. (See, State v Astore, 258 So 2d 33 [Fla Ct App 1972].) *168 Indeed, the distinction between "shotguns” and "weapons made from shotguns” lies in whether a weapon is intended to be fired from the shoulder. (See, Moore v United States, 512 F2d 1255 [4th Cir 1975]; United States v Cabral, 475 F2d 715 [1st Cir 1973].)
But no matter whether the gun here is a "shotgun” or a "weapon made from a shotgun”, I hold that the 18-inch barrel length standard applies. In the first place, as previously shown, the legislative intent was to reproduce the National Firearms Act which applies either the 18-inch barrel length or the 26-inch over-all length standards to "weapons made from a shotgun” (26 USC § 5845 [a]). Furthermore, it seems obvious that if there is no legitimate use for a "shotgun” with a barrel length of less than 18 inches, there can be no legitimate use for a "weapon made from a shotgun” with such a barrel length. The Legislature could not have intended to outlaw a "shotgun” with a barrel length of 17 inches and an over-all length of say 32 inches while legalizing the same weapon after its stock is cut down so that it becomes a "weapon made from a shotgun” with an over-all length of 26 Vz inches. I therefore conclude that because there is no legitimate use for either a "shotgun” or a "weapon made from a shotgun” with a barrel length of less than 18 inches, the Legislature intended to outlaw both by the present statute. Whether a given weapon is intended to be fired from the shoulder is irrelevant for this determination.
I note that, although not directly confronted with this issue, the Brook and Klosowski courts (supra) found that guns of virtually the same measurements as the gun in this case were outlawed by statutory language identical to New York’s. Both the Indiana and Delaware penal codes contain the same definition of "shotgun” as New York’s.
Thus, I read Penal Law § 265.00 (3) (b) to outlaw any "shotgun” or "weapon made from a shotgun” if the barrel measures less than 18 inches, no matter what the over-all length. I further interpret the statute to contain a separate, distinct and additional prohibition against any "weapon made from a shotgun” (a weapon not intended to be fired from the shoulder) if such weapon has an over-all length of less than 26 inches, no matter what its barrel length. Such a reading best effectuates the Legislature’s intent to outlaw certain firearms normally used only for criminal purposes and is in keeping with the mandate of Penal Law § 5.00 to “promote justice and effect the objects of law.”
*169 It behooves our Legislature, however, to amend Penal Law §265.00 (3) (b) so that the statutory language more clearly reflects its intent. I therefore suggest the Legislature model an amendment after the National Firearms Act or the parallel statutes of Massachusetts or Georgia. (See, Mass Gen Laws Ann, ch 140, § 121 [1983]; Ga Code Ann former § 16-11-121 [5] [now § 26-9913a (5) L] [1968].) Since the standards for sawed-off rifles found in Penal Law § 265.00 (3) (c) suffer from the same sort of ambiguity as those defining sawed-off shotguns, I recommend a similar amendment of that section.
CONCLUSION
I find that the evidence submitted to the Grand Jury was sufficient to support the indictment in this case in that it revealed that defendant possessed a shotgun with a barrel length of less than 18 inches. For the reasons set forth in this opinion, the District Attorney’s instructions, limited to the barrel length of the shotgun, were sufficient.
Accordingly, the motion to dismiss is denied.

 The definition of "shotgun” under 26 USC § 5845 (d) is, with two exceptions here irrelevant, identical to Penal Law § 265.00 (12) and 18 USC §921 (a) (5).