517 So.2d 792 (1988)
Christopher A. JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-914.
District Court of Appeal of Florida, Third District.
January 12, 1988.
*793 Bennett H. Brummer, Public Defender, and Roberta Simon, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
HENDRY, Judge.
The appellant was tried by a jury and found guilty of third degree murder,[1] as a lesser-included offense of first degree murder, and grand theft-second degree. He was found not guilty of an additional charge of burglary. The trial court entered its adjudication of guilt in accordance with the jury verdict and imposed a sentence of 15 years for the third degree murder offense.[2] As to the grand theft offense, the court withheld adjudication and placed appellant on a 2 year period of probation following the expiration of his murder sentence, also directing that appellant pay partial supervision costs.
Reversal is urged on two grounds. First, it is contended that the trial court erred in permitting the prosecution to comment on appellant's failure to call a certain witness. We find that with respect to this contention, the appellant has failed to demonstrate harmful error which injuriously affected any of his substantial rights. We, accordingly, affirm the convictions.
The second point brought on for our consideration is whether the trial court erred in departing from the presumptive sentence of 7-12 years under the guidelines and imposing an enhanced sentence of 15 years for the murder conviction based on the following written reasons provided by the trial court for departure.
1. The defendant committed the crime against Robert Funk, a victim who was particularly vulnerable to the defendant, in that Robert Funk was a man of advanced age, under the influence of alcohol at the time of his death, and a man who had befriended the defendant shortly before he was killed by the defendant.
2. The defendant committed an outrageous act involving excessive use of force against a defenseless victim.
3. The murder of Robert Funk was committed in a particularly outrageous or brutal manner, in that Robert Funk was strangled to death by the defendant with such force that it broke his larynx.
4. The murder of Robert Funk was grotesque and senseless, showing an utter disregard for human life.
The reasons given by the trial court are improper, first, because they are factors regarding the offense for which convictions were not obtained, Scurry v. State, 489 So.2d 25, 29 (Fla. 1986); Fla.R.Crim.P. 3.701(d)(11), i.e., aspects of a higher degree of homicide, with a premeditated design to effect death, or with a depraved mind regardless of human life, § 782.04(1)(a)1., (2), Fla. Stat. (1983). Reason number 1, the vulnerability of the victim based on his advanced age [55 to 60 years], his being under the [self-induced] influence of alcohol and his befriending the defendant shortly before his death is an improper reason for departure. See Harmon v. State, 506 So.2d 500 (Fla. 1st DCA 1987) (fact that robbery victims, males, were 57 and 62 years old was not a valid reason for departure); Williams v. State, 492 So.2d 1308, 1309 *794 (Fla. 1986) (fact that defendant stabbed victim while she was sleeping and therefore more vulnerable is not, by itself, a clear and convincing reason to depart); cf. Hankey v. State, 485 So.2d 827 (Fla. 1986) (breach of trust in employer-employee relationship supported departure). Reasons number 2 and 3, regarding excessive use of force and the circumstances of the offense, are also invalid because use of such force is an inherent element of the offense for which the defendant was convicted. See Holden v. State, 487 So.2d 1199, 1201 (Fla. 5th DCA 1986); Hannah v. State, 480 So.2d 718, 720 (Fla. 4th DCA 1986). Reason number 4 is a factor relating to the offense for which convictions were not obtained.
For the reasons stated the convictions are affirmed, the sentence is reversed in part as discussed above, and the cause remanded for sentencing within the guidelines.
Affirmed in part, reversed in part and remanded.
NOTES
[1] 782.04 [Fla. Stat. (1983)] Murder. 

* * * * * *
(4) The unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than ... is murder in the third degree and constitutes a felony of the second degree[.]
[2] The murder sentence was to be served consecutive to sentences which were additionally imposed by the trial court for the appellant's probation violation relative to 1982 charges of burglary of a dwelling and grand theft-second degree, 15 years and 5 years (also consecutive).