OPINION OF THE COURT
Jo Ann Ferdinand, J.
The defendant, a corporation, is charged with forcibly re *999 moving a tenant from his lawful residence in a building owned by defendant to another building owned by defendant corporation; and further with forcibly removing the tenant from that residence to yet a third building owned by defendant corporation. The issue presented by this case is whether the second alleged forcible removal can sustain the charge of unlawful eviction (Administrative Code of City of New York § 26-521) where the tenant occupied the second dwelling for less than 30 days. Defendant has moved pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) to dismiss the accusatory instrument on the grounds that it is facially insufficient and thus defective.
An accusatory instrument is jurisdictionally defective and facially insufficient unless it provides reasonable cause to believe the defendant committed the offenses charged and contains nonhearsay allegations which would establish "every element of the offense charged and the defendant’s commission thereof’ (CPL 100.15 [3]; 100.40 [1] [b], [c]; People v Alejandro, 70 NY2d 133 [1987]).
The accusatory instrument here alleges that the complainant was a resident of defendant’s building, the Dynasty Hotel at 850 West End Avenue, for longer than 30 days when, on May 7, 1987, he was forced by defendant to vacate that dwelling. The complainant was moved against his will to another of defendant’s buildings at 465 Central Park West. The information further alleges that on May 16, 1987, the defendant forced the complainant to vacate this second dwelling when he was locked out of his room and denied reentry. The complainant was then moved against his will to another of defendant’s buildings, the Jane West Hotel, at 509 West Street.
Unlawful eviction was designated a class A misdemeanor in 1982 when the New York City Council adopted Administrative Code § 26-521 (Administrative Code former § D16-1.01). The statute provides, in pertinent part, that it shall be unlawful, "to evict or attempt to evict an occupant of a dwelling unit who has lawfully occupied the dwelling unit for thirty consecutive days or longer”. (Administrative Code § 26-521 [a].)
The facts alleged in the accusatory instrument establish that the complainant occupied the first dwelling at the Dynasty Hotel for longer than 30 days but he occupied the second dwelling at 465 Central Park West for less than 30 days (i.e., from May 6 when he was moved there by defendant *1000 until May 16 when he was removed from that building by defendant). Defendant claims the necessary period of residency to trigger the statute ought "be determined by the time spent in a given room or apartment in a given building.” He contends that the complaint improperly charges unlawful eviction in respect of the move from 465 Central Park West because the tenant was not in residence there for the requisite 30 days. The People argue that such a narrow reading of the statute would defeat its very purpose and that the tenant ought to be considered a "lawful occupant”, protected from eviction by this statute, since he resided in properties owned by the defendant corporation for longer than 30 days.
Initially it should be noted that penal statutes are no longer strictly construed, but rather, the provisions of the Penal Law are interpreted "according to the fair import of their terms to promote justice and effect the objects of the law” (Penal Law § 5.00). This court now holds that penal provisions within the New York City Administrative Code should also be construed in accordance with Penal Law § 5.00 (see, People v Santoro, NYLJ, Jan. 30, 1987, at 16, col 5 [Sup Ct, Queens County] [in which Penal Law § 5.00 was applied to the penal provisions of the Vehicle and Traffic Law]; but see, People v Thomas, 71 Misc 339 [Sup Ct 1911]).
The court’s inquiry into the meaning of the statute in question must "look beyond the statutory language to determine legislative intent, the policy considerations underlying the statute and the ultimate results sought by the Legislature.” (People v Santiago, 133 Misc 2d 161, 163 [Sup Ct, NY County 1986].) As the Court of Appeals has stated, "[w]e must effectuate the legislative purpose and design as * * * we find them expressed by the language and spirit of the statute” (Gibbs v Arras Bros., 222 NY 332, 334-335 [1918]).
New York’s Unlawful Eviction Law (Administrative Code § 26-521) was adopted as a deterrent to landlords who used improper harassment and intimidation to evict tenants by making tactics such as lock-outs, discontinuances of essential services and removal of the tenant’s property criminal. The City Council found that due to the acute shortage of housing in the city, some landlords attempted to evict tenants improperly and without required judicial proceedings so as to convert their buildings to more profitable uses. Finding that existing remedies failed to afford tenants with adequate protection from such forcible evictions, the Council made these practices subject to criminal, as well as civil, penalties (Proceedings of *1001 Council of City of NY, Local Laws, 1982, No. 56 of City of New York).
The law has been twice amended to increase its scope: first, by adding 1- and 2- family dwellings (Local Laws, 1984, No. 40 of City of New York), and second, by covering those tenants in occupancy for less than 30 days who have requested a lease (Local Laws, 1985, No. 4 of City of New York). The Council noted this last amendment was intended "to target those landlords who * * * circumvented the Unlawful Eviction Law by merely denying a tenant occupancy for thirty days” (Proceedings of Council of City of NY, Local Laws, 1985, No. 4 of City of New York).
This legislative history demonstrates an intent to prohibit the very conduct complained of in this accusatory instrument. Once the tenant had resided in defendant corporation’s building for longer than 30 days he was a lawful occupant of those premises whose forcible removal was violative of Administrative Code § 26-521. The second alleged forcible removal, even though less than 30 days later, was also violative of Administrative Code § 26-521. To require the tenant to remain in each subsequent dwelling for more than 30 days before his removal is unlawful, would permit an unscrupulous landlord to nullify the law by continuously moving tenants from building to building after a few days occupancy. Permitting the defendant to escape the consequences of the Unlawful Eviction Law under these circumstances would clearly defeat the legislative purposes. This court will not permit the defendant to evade the clear intent and meaning of the law by use of an artifice.
The conduct alleged in this information falls within the plain and natural meaning of the statute and thus defendant was on notice that his actions may be punished as criminal (see, People v Ditta, 52 NY2d 657 [1981]). The facts alleged in the information constitute reasonable grounds to believe the defendant committed the crime of unlawful eviction as contemplated by Administrative Code § 26-521 and satisfies the requirements of the Criminal Procedure Law. Therefore, defendant’s motion to dismiss is denied.