535 So.2d 651 (1988)
Rommell JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-93.
District Court of Appeal of Florida, Third District.
December 20, 1988.
Rehearing Denied January 11, 1989.
*652 Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
In November 1985, Rommell Johnson pled guilty to three criminal charges, namely, possession of a firearm by a convicted felon, carrying a concealed firearm, and possession of a short-barreled rifle'[1] and was placed under community control for twenty-four months. When, in April 1986, Johnson violated the conditions of community control, he was sentenced to consecutive prison terms of fifteen, five and five years on the original offense. These sentences, substantial departures from the guideline recommendation of community control or a prison term of twelve to thirty months, prompt this appeal.
Johnson raises two points on appeal. He argues, first, that convicting him of the three separate offenses violates his right not to be twice, much less thrice, placed in jeopardy and, second, that the trial court's reasons for upwardly departing from the recommended guideline sentence were insufficient. We affirm the convictions, vacate the sentences, and remand for resentencing.

I.
Before addressing the merits of Johnson's double jeopardy argument, we first consider whether he waived this argument by pleading guilty to the three criminal charges which he now asserts are essentially one and the same.
It is clear that a defendant does not waive his double jeopardy rights simply by pleading guilty. State v. Johnson, 483 So.2d 420 (Fla. 1986); Marion v. State, 526 So.2d 1077 (Fla. 2d DCA 1988); Johnson v. State, 490 So.2d 182 (Fla. 1st DCA 1986). Federal case law is in accord. See Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); Sellers v. Morris, 840 F.2d 352 (6th Cir.1988); United States v. *653 Atkins, 834 F.2d 426 (5th Cir.1987); United States v. Broce, 781 F.2d 792 (10th Cir.1986). While there may be limited circumstances in which a defendant may be found to have waived his double jeopardy claim, see State v. Johnson, 483 So.2d at 423; Menna v. New York, 423 U.S. at 62 n. 2, 96 S.Ct. at 242 n. 2, 46 L.Ed.2d at 197-198 n. 2, such circumstances do not exist in the present case. Compare United States v. Pratt, 657 F.2d 218 (8th Cir.1981) (finding waiver when defendant's remarks amounted in substance to giving up right to assert double jeopardy claim); United States v. Herzog, 644 F.2d 713 (8th Cir.1981) (double jeopardy claim rejected because without merit and because waived where not raised until more than a year after plea of guilty). Finding no waiver here, we turn to the merits of the defendant's claim.

II.
Johnson concedes that the offenses are separate and that multiple punishments are authorized under the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), that is, whether each statute requires proof of a fact that the others do not. He argues, however, that, as the supreme court made clear in Carawan v. State, 515 So.2d 161 (Fla. 1987), Blockburger merely established a rebuttable presumption of separate offenses which may be overcome if the court finds a contrary legislative intent from (a) the circumstances and documentation accompanying a law's enactment, (b) the law's evident purpose, (c) the particular evil the law seeks to remedy, (d) the fact that the law seeks to protect a particular class or remedy a particular problem, or (e) any other relevant factor. Carawan v. State, 515 So.2d at 167. If such a contrary legislative intent is found, then, according to Carawan, all doubts are to be resolved in favor of lenity toward the accused. Id. at 165, 168. Therefore, to determine whether a person may permissibly be convicted and sentenced for possession of a firearm by a convicted felon, carrying a concealed firearm, and possession of a short-barreled firearm,[2] we look to the tests set forth in Carawan.[3]
Applying the tests, we conclude that the convictions and sentences  for possession of a firearm by a convicted felon, carrying a concealed firearm, and possession of a short-barreled weapon  are proper, *654 as each statute addresses a different evil and seeks to remedy a different problem. Of the three, the convicted felon statute is most clearly aimed at an evil different than the other two statutes, as it alone is aimed at particular persons, namely, those who "by their past conduct, had demonstrated their unfitness to be entrusted with such dangerous instrumentalities... ." Nelson v. State, 195 So.2d 853, 855 n. 8 (Fla. 1967) (quoting with approval Cases v. United States, 131 F.2d 916, 921 (1st Cir.1942)).
Johnson's stronger argument that his double-jeopardy rights have been violated relates to the concealed firearm and short-barreled firearm convictions. The concealed firearm statute is obviously aimed at the evil of concealment, that is, having on hand a weapon of which the public is unaware and which might be used in a fit of passion. 79 Am.Jur.2d Weapons and Firearms § 8 (1975). See also Carlton v. State, 63 Fla. 1, 8, 58 So. 486, 488 (1912). To be sure, several courts have noted that a prime danger caused by short-barreled shot guns is that they, too, are easy to conceal. See Brook v. State, 448 N.E.2d 1249, 1251 (Ind. Ct. App. 1983) ("The overall rationale for the legislative ban of sawed-off shotguns centers on their concealability and therefore likely use for criminal purposes rather than for sport or hunting."); People v. Cortez, 110 Misc.2d 652, 655, 442 N.Y.S.2d 873, 875 (Sup.Ct. 1981) ("cutting the barrel and/or stock makes it easier to conceal"). Thus, it can be fairly said that, at least to some extent, the concealed firearm statute and the short-barreled firearm statute attack the same evil. However, as a New York court stated in speaking of its state's statute, "our Legislature was concerned with more than just concealability." People v. Santiago, 133 Misc.2d 161, 167, 506 N.Y.S.2d 136, 140 (Sup.Ct. 1986). Indeed, courts have noted that a short-barreled rifle is especially dangerous because it creates a wider dispersion of pellets and thereby a greater danger to anyone in the path of the shot, People v. Cortez, 110 Misc.2d at 653-654, 442 N.Y.S.2d at 874; see also People v. Santiago, 133 Misc.2d at 167-168, 506 N.Y.S.2d at 141, and is effective even when the shooter does not carefully aim, People v. Cortez, 110 Misc.2d at 654-656, 442 N.Y.S.2d at 875 (citing L. Kennet, The Gun in America 202 (1975)). Not only is a sawed-off or short-barreled shotgun dangerous, it has "no legitimate use," People v. Cortez, 110 Misc.2d at 654-656, 442 N.Y.S.2d at 875, and is "ordinarily used for criminal purposes," Robarge v. State, 432 So.2d 669, 672 (Fla. 5th DCA 1983); Brook v. State, 448 N.E.2d at 1251 ("likely use for criminal purposes"); People v. Santiago, 133 Misc.2d at 167, 506 N.Y.S.2d at 141 ("commonly used only for criminal purposes"). See also Rinzler v. Carson, 262 So.2d 661, 666 (Fla. 1982) (sub-machine guns; "the Legislature may prohibit the possession of weapons which are ordinarily used for criminal and improper purposes").
Therefore, since each of the three crimes charged is aimed at a different evil  namely, a type of person likely to commit a crime, a way of possessing a gun likely to lead to its improper use, and a type of gun that is particularly dangerous and used principally for crime  we reject the defendant's claim that his double jeopardy rights have been violated. Cf. Teemer v. State, 531 So.2d 748 (Fla. 5th DCA 1988) (affirming convictions for carrying a concealed firearm, manslaughter, and use of a firearm during the commission of a felony).

III.
We briefly dispose of Johnson's other claim. We reverse the sentences imposed and remand for resentencing because it clearly appears that some of the trial court's reasons for its upward departure from the sentencing guidelines  that is, the age of victim, see Johnson v. State, 517 So.2d 792 (Fla. 3d DCA 1988); crimes for which the defendant was not convicted, see Tuthill v. State, 518 So.2d 1300 (Fla. 3d DCA 1987); and the defendant's lack of amenability to rehabilitation, see Ruiz v. State, 516 So.2d 1057 (Fla. 3d DCA 1987), review denied, 525 So.2d 880 (Fla. 1988); Bogan v. State, 528 So.2d 1341 (Fla. 3d DCA 1988); Tapia v. State, 509 So.2d 354 (Fla. 2d DCA 1987); cf. Braggs v. State, *655 522 So.2d 536 (Fla. 3d DCA 1988)  were invalid, and we are not convinced that the trial court would have departed from the guidelines based only on the valid reasons.[4],[5]
Affirmed in part, reversed in part, and remanded for resentencing on each of the three counts.
NOTES
[1] In violation of Sections 790.23, 790.001(2), and 790.221, Florida Statutes (1985), respectively.
[2] The State contends that there is no record evidence that the convictions were for separate acts, and thus no double jeopardy issue. See Reid v. State, 531 So.2d 211 (Fla. 1st DCA 1988). It argues that Johnson's guilty plea to three charges, two of which referred to "shotguns," and the third of which referred to a "rifle," indicates that the defendant had more than one gun, and thus, his punishment was for more than one act. The State further says that it would have placed evidence into the record or altered the charging document had the defendant raised the double jeopardy claim before he pled guilty; therefore, any lack of information to assess the double jeopardy claim should be held against the defendant.

Johnson responds that the arrest form in the supplemental record and the arresting officer's deposition clearly establish that all three charges were based on the same act. He also notes that during the plea colloquy, he pled guilty to the possession of a "shotgun" while being a felon, having on his person a "shotgun," and having in his car, custody, or control a short-barreled rifle, "`a shotgun,' not less than 26 inches."
Even assuming the correctness of the defendant's position that we should look only to the charging document and the plea in assessing the double jeopardy claim, because we resolve this claim against the defendant, we need not now decide the issue of whether the State's evidence should be considered in determining whether the charges against the defendant arose from a single or several acts. For more on this debate, see Collins v. State, 489 So.2d 188 (Fla. 5th DCA 1986) (en banc); United States v. Atkins, 834 F.2d 426 (5th Cir.1987); United States v. Broce, 781 F.2d 792 (10th Cir.1986).
[3] We apply Carawan because the case arose before July 1, 1988, the effective date of Chapter 88-131, Section 7, Laws of Florida, which substantially altered double jeopardy law in Florida. See T.J. v. State, 534 So.2d 811 (Fla. 3d DCA 1988). We recognize, however, that an argument can be made that the new statute merely "corrected" the supreme court's erroneous reading of legislative intent in Carawan, and therefore the statute should apply to Johnson. See Lanier v. State, 464 So.2d 1192 (Fla. 1985) (courts will show great deference to laws passed to clarify existing law). In any event, the result in this case would be the same under pre-Carawan case law, under Carawan, or under the recently enacted statute.
[4] Under State v. Mesa, 520 So.2d 328 (Fla. 3d DCA 1988), appellate review of the sentence is governed by Albritton v. State, 476 So.2d 158 (Fla. 1985) (remand for resentencing if appellate court is not convinced beyond a reasonable doubt that trial judge would have departed from guidelines based only on valid reasons), rather than Section 921.001(5), Florida Statutes (1987) (affirm departure sentence if one reason given is valid).
[5] This holding obviates the need for us to state our view on the extent of departure from the sentencing guidelines, which would be reviewable in this case since the crimes occurred before July 9, 1986. See Booker v. State, 514 So.2d 1079 (Fla. 1987). We also do not discuss the defendant's claim that the revocation of community control was not supported by sufficient evidence except to say that while some of the reasons for revocation were without support, other adequate reasons were clearly supported.