## The People of the State of New York, Plaintiff, v Carmello Crivillaro, Defendant.

Supreme Court, Bronx County, January 27, 1989

### APPEARANCES OF COUNSEL

*Murray Richman* for defendant. *Paul Gentile, District Attorney (Patricia Dillon* of counsel), for plaintiff.

### OPINION OF THE COURT

Richard Lee Price, J.

This defendant has been charged with a violation of Penal Law § 265.02 (4). The essential elements of this crime are: (1) possession, (2) of a firearm, (3) that the firearm be loaded. The term firearm, for purposes of this motion, is defined in Penal Law § 265.00. The statute reads as follows: "3. 'Firearm' means (a) any pistol or revolver; or (b) a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modifica-

tion, or otherwise) if such weapon as modified has an overall length of less than twenty-six inches; or (c) a rifle having one or more barrels less than sixteen inches in length and any weapon made from a rifle (whether by alteration, modification, or otherwise) if such weapon, as modified, has an overall length of less than twenty-six inches. For the purpose of this subdivision the length of the barrel on a shotgun or rifle shall be determined by measuring the distance between the muzzle and the face of the bolt, breech, or breechlock when closed and when the shotgun or rifle is cocked; the overall length of a weapon made from a shotgun or rifle is the distance between the extreme ends of the weapon measured along a line parallel to the center line of the bore. Firearm does not include an antique firearm." The parties have measured the weapon and have agreed that it has a barrel length of 16¼ inches with an over-all length of 29 inches.

The defendant makes application to have this indictment dismissed arguing that this statute, which was amended in 1982, was written in the conjunctive. Therefore, he contends the statute should properly be read as requiring that, to be considered a firearm within the statute, a shotgun must: (1) have a barrel length of less than 18 inches, and (2) have an over-all length of less than 26 inches. In support of this position, he contends that the intent of the Legislature was to give a quick and simple way to determine concealability. To this end, he argues that only by reading the statute in the conjunctive can the intent be fulfilled. He cites: Arnold Hechtman's Practice Commentary (McKinney's Cons Laws of NY, Book 39, Penal Law § 265.00, 1989 Pocket Part, at 92)[1] as supporting this position. Finally, he urges this court that the Federal code (18 USC § 921 [a] [6]), after which our statute was apparently modeled, supports this reading and that the weapon involved here was not a firearm within its intendment and the indictment ought to be dismissed.

The People contend that Penal Law § 265.00 (3) ought to be read in the disjunctive. Thus, the only element that needs to be shown to bring a shotgun within the definition of a firearm, as set forth in Penal Law § 265.00 (3), is that of a barrel length of less than 18 inches. In support of this contention, they point to the legislative history of the statute (mem of

---

1. I note that defendant's quotation includes the words "and thus must be given effect as such". These are not in the court's copy of the Commentary.

Senator Lombardi, 1982 Legis Ann, at 152-153), the Practice Commentary of Arnold Hechtman *(op. cit.)* and unnamed Federal cases, together with the case of *People v Santiago* (133 Misc 2d 161 [Sup Ct, NY County 1986, Kleiman, J.]).

This court agrees with the People's contention. A shotgun is defined in Penal Law § 265.00 (12) as a "weapon designed or redesigned, made or remade, and intended to be fired from the shoulder". Although there is no statutory definition of a weapon made from a shotgun, it has been held that the definition of a shotgun excludes a weapon made from a shotgun *(Moore v United States,* 512 F2d 1255 [4th Cir 1975]; *United States v Cabral,* 475 F2d 715 [1st Cir 1973]; *People v Santiago, supra).* That being so, a reading of the statute leads this court to conclude that by the plain and/or ordinary meaning of the statute as enacted, our Legislature intended to apply two different standards (barrel length and over-all length) to two different and mutually exclusive types of weapons, i.e., shotguns and weapons made from shotguns.

That this is the correct reading is given further support by the provisions of Penal Law § 265.00 (3) relating to measurements of the weapons. The statute specifies a method of measuring the length of the barrel, but not the over-all length of a shotgun and the over-all length of a weapon made from a shotgun but not the length of its barrel (Penal Law § 265.00 [3]).

A study of the legislative history of this amendment also leads to this conclusion. This court, in the interest of discerning the legislative intent in this matter, has obtained and examined the Bill Jacket pertaining to the 1982 amendment of Penal Law § 265.00 (3), the statute in question.

Legislative document A-9822 dated February 2, 1982 (No. 000002, at bottom) reads, in pertinent part, "or any *shotgun* with a barrel length of less than eighteen inches or an overall length of less than twenty-six inches". The original memorandum in support of the amendment also speaks in terms of a *shotgun* having either a barrel less than 18 inches, or an overall length of less than 26 inches. (A-9822, No. 000008.)

The amendment to the Penal Law as adopted, however, did not track the amendment as originally proposed *(op. cit.,* A-9822, Nos. 000002 and 000007). Instead, the Legislature changed the final wording of the statute to read—"or * * * any weapon made from a shotgun * * * less than twenty-six inches." (Penal Law § 265.00 [3].)

It further appears to this court that in doing so the Legislature acted to insure that weapons made from shotguns were also covered.[2] However, it seems that in doing so, it adopted its own particular definition, which places the two different types of weapons into two mutually exclusive categories, insofar as how their barrel length and over-all length relate to the statutory definition of firearms, set forth in Penal Law § 265.00 (3), (12) *(cf.,* 26 USC § 5845 [a] [1] *and* [2]) which defines a weapon made from a shotgun as a firearm if it has a barrel less than 18 inches *or* an over-all length of less than 26 inches and a shotgun with a barrel length of less than 18 inches.

In this respect, I disagree with the interpretation of our statute by Justice Kleiman in *People v Santiago (supra,* at 167, 168) that shotguns and/or weapons made from shotguns are considered firearms if they have a barrel less than 18 inches *and/or* if the over-all length is less than 26 inches. Justice Kleiman based his interpretation on his finding that the legislative intent was to reproduce the National Firearms Act (26 USC § 5845 [a]). However, he ignores the fact that 26 USC § 5845 includes two separately numbered paragraphs, (a) (1) and (2) which separately define firearms made from shotguns and firearms which are shotguns. 26 USC § 5845 (a) (2) defines as a firearm a weapon made from a shotgun if it meets certain requirements as to either barrel length *or* its over-all length. In contrast 26 USC § 5845 (a) (1) defines a shotgun as a firearm only if its barrel is less than 18 inches, without reference to its over-all length.

Further support for this court's interpretation is found in the Delaware and Indiana cases cited by Justice Kleiman in *Santiago (supra).* In the first, *Delaware v Klosowski* (310 A2d 656), Judge Tease there found that the Delaware statute, worded as ours is, was intended to describe two separate weapons with two different standards *(supra,* at 657). Similarly, in the case of *Brook v State* (448 NE2d 1249 [Ind App, 2d Dist 1983]) the court there found a statute worded as ours is, intended to apply two different standards to two different weapons *(supra,* at 1251). (I note that in both of those cases both weapons were assumed to be shotguns. Thus, those courts were not forced to determine whether or not the weapons in

---

2. The court sees no reason why it could not have added the words "and/or any weapon made from a shotgun" immediately after the word shotgun in the amendment, as originally proposed.

question were shotguns, or to make any determination as to standards.) *(Brook v State, supra,* at 1251.)

The opinions of the Delaware and Indiana courts are persuasive and when considered together with the deliberate legislative changes in the statute and the plain wording referring to two separate weapons, this court is compelled to conclude that the statute must be read as setting out two separate standards for two mutually exclusive kinds of weapons.

Accordingly, I find that the statute is in the disjunctive, in that the standard to be applied to shotguns is that of a barrel length of less than 18 inches and the standard to be applied to a weapon made from a shotgun is that of an over-all length of less than 26 inches.

The second area to be discussed is defendant's claim that this statute is unconstitutionally vague. A statute duly enacted by a Legislature is presumed to be constitutional *(People v Smith,* 63 NY2d 41, 71 [1984]; *People v Davis,* 43 NY2d 17, 30 [1977]). This presumption can be overcome only by a showing, beyond a reasonable doubt, that the law is unconstitutional *(People v Pagnotta,* 25 NY2d 333 [1969]; *Matter of Van Berkel v Power,* 16 NY2d 37 [1965]).

The defendant has failed to make that showing here. This statute, although lacking a comma before the word "and", clearly establishes two types of separate standards for two separate weapons. It is thus not unconstitutionally vague.

Defendant's motion to dismiss the indictment is denied. I note that this does not end this matter. This court has observed the weapon and there is a definite question as to whether this weapon is a shotgun or a weapon made from a shotgun.

The Legislature has recently amended the statute so as to separate the clauses applicable to the two different types of weapons (L 1988, ch 264, eff July 19, 1988). While this may end any possible confusion, it still leaves unresolved the other problem pointed out by both this court and Justice Kleiman regarding shotguns of less than 26 inches in over-all length but having barrel lengths greater than 18 inches and weapons made from shotguns with an over-all length of 26 inches or more and barrel lengths shorter than 18 inches.