OPINION OF THE COURT
Richard Lee Price, J.
The defendant has made an application to this court to dismiss the indictment contending that the weapon he is *351 accused of possessing is not, as a matter of law, a firearm as that term is defined in Penal Law § 265.00 (3), (12).
The People oppose this motion, contending that there is at least a question of fact as to whether or not the weapon is a firearm.
This statute has long been problematic for this and other courts (see, People v Crivillaro, 142 Misc 2d 527 [1989] [hereinafter Crivillaro I]; People v Santiago, 133 Misc 2d 161 [Sup Ct, NY County 1986, Kleiman, J.]). In Crivillaro I this court denied the defendant’s application to dismiss the indictment. That application concerned the question of whether a firearm within the definitions of Penal Law article 265 must be both less than 26 inches in over-all length and have a barrel length of less than 18 inches.[1] For the reasons set forth herein I find that the indictment must be dismissed, as the weapon seized from the defendant is not a firearm as that term is defined in Penal Law § 265.00 (3), (12); § 265.02 (4).
Penal Law § 265.00 (3) defines a firearm, as we are concerned with here, in two distinct ways.[2] Firstly, a firearm is defined as a shotgun with a barrel length of less than 18 inches. A shotgun is further defined in Penal Law § 265.00 (12) (as is relevant here) as "a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder”. Second, the statute defines as a firearm, a weapon made from a shotgun if the weapon has an over-all length of less than 26 inches. There is no statutory definition of a weapon made from a shotgun. It is uncontested that the weapon in question here, as originally manufactured, was a shotgun as defined in section 265.00 (12), and that as originally manufactured it was intended to be fired from the shoulder.
The People’s position is that the weapon in question is a shotgun. Implicit in that position is the assumption that since the statutory definition of a shotgun includes the words "made or remade” (Penal Law § 265.00 [12]) the weapon cannot be reexamined as to its compliance with the statutory definition of a shotgun, i.e., once a shotgun always a shotgun. In support of this position the People cite the cases of Brook v State of Indiana (448 NE2d 1249 [Ind App 1983]) and State v Klosowski (310 A2d 656 [Super Ct Del 1973]).
*352 The assumption and the position based on it are rejected by this court. The position urged by the People would be correct had the statute (Penal Law § 265.00 [12]) read "and as originally made intended to be fired from the shoulder”. However, the plain language of the statute without those words mandates that the weapon be judged as to whether it is intended to be fired from the shoulder at the time it was found in the possession of the defendant (see, United States v Cabral, 475 F2d 715 [1st Cir 1973]). Further, the cases cited by the People (supra) are not persuasive. In neither of them was there any description of the weapon involved. Thus neither case is persuasive in making a determination as to the correctness of the People’s position and their underlying assumption.
This court has examined the weapon in question and finds that as a matter of law it is not a shotgun as defined in Penal Law § 265.00 (12). It is clear that the weapon, as it is today, is not intended to be fired from the shoulder. It, therefore, fails to meet one of the statutory criteria defining a shotgun.
When an issue, ordinarily one of fact, such as whether or not a weapon is intended to be fired from the shoulder, is such as to admit of only one answer or be such that no reasonable person could in the court’s judgment find facts to be any other way, then the court may determine such fact as a matter of law (People v Oquendo, 134 AD2d 203 [1st Dept 1987]; see also, Howard v Poseidon Pools, 72 NY2d 972 [1988]; Boltax v Joy Day Camp, 67 NY2d 617 [1986]; Kingsland v Industrial Brown Hoist Co., 136 AD2d 901 [4th Dept 1988]; Baginski v New York Tel. Co., 130 AD2d 362 [1st Dept 1987]). This is such a matter. This court finds, therefore, that as a matter of law the weapon in question was not intended to be fired from the shoulder. Therefore, the weapon in question is, as a matter of law, not a shotgun as defined in the Penal Law (§ 265.00 [3], [12]).
That leaves the question of whether this weapon can still be considered a firearm under the criteria defining weapons made from shotguns as set out in Penal Law § 265.00 (3).
In order for a weapon made from a shotgun to be considered a firearm within the statutory definition, it must have an over-all length of less than 26 inches. However since it is agreed by the People and the defendant that the over-all length of this weapon is 29 inches it is not within the statutory definition of a firearm (Penal Law § 265.00 [3], [12]). The court has no choice, therefore, but to dismiss this indictment.
The court has also been requested to make a determination *353 that the two types of weapons, shotgun and those made from shotguns, are mutually exclusive. At this point, it is unnecessary to decide definitively whether or not the two categories of weapons are mutually exclusive categories of weapons or constitute overlapping categories of weapons and I decline to make such a determination. No leave to re-present is granted since the facts as alleged by the People cannot, as a matter of law, make out a prima facie case against the defendant under either statutory definition of a firearm.
It appears to this court that the Legislature has intended to outlaw all types of weapons made from shotguns which are less than 26 inches and/or have a barrel length of less than 18 inches. It would appear to me that the statute ought to be able to accomplish this goal by adding to the end of the first sentence of section 265.00 (3) (d) the words "and/or a barrel length of less than 18.” Thus weapons made from shotguns, with a barrel length of less than 18 inches but more than 26 inches in over-all length, as is the case here, would also be considered firearms. As an alternative the Legislature could remove the words "and intended to be fired from the shoulder” from the statutory definition of a shotgun. I urge the enactment of either or both of these amendments so as to effectuate the intent of the Legislature and more effectively protect the people of our State. In furtherance of that goal a copy of this decision will be transmitted to the appropriate legislative committee.

. The parties have agreed that the weapon in question is more than 26 inches in over-all length with a barrel less than 18 inches in length.

. The statute has since been amended however the amendment is irrelevant so far as this application is concerned.