PARIENTE, Judge.
Defendant appeals from an order of the trial court denying defendant’s petition for writ of habeas corpus. We summarily affirm the trial court’s order pursuant to Florida Rule of Appellate Procedure 9.315(a).
Procedurally, defendant pled guilty in 1989 to second-degree murder and was sentenced to 40 years imprisonment. He also pled guilty to carrying a concealed firearm and possession of a firearm by a felon and was sentenced to 5 years and 15 years respectively, with each sentence to run concurrently. In this 1995 petition for writ of habeas corpus, defendant claims that his convictions for carrying a concealed weapon and possession of a firearm by a felon are violative of double jeopardy and constitute a denial of due process.
Although styled as a petition for habeas corpus, the issues raised are of the type which should have been properly raised under Florida Rule of Criminal Procedure 3.850. See White v. Dugger, 511 So.2d 554, 555 (Fla.1987). For that reason alone, the trial court’s order is proper. Moreover, defendant’s request is both time-barred under rule 3.850 and legally without merit. His conviction for carrying a concealed weapon and possession of a firearm by a felon do not violate double jeopardy principles or due process. See Skeens v. State, 556 So.2d 1113 (Fla.1990); Johnson v. State, 535 So.2d 651 (Fla. 3d DCA 1988).
Accordingly the order of the trial court is affirmed.
GLICKSTEIN and WARNER, JJ., concur.