Harold K. BROOK, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 2–882A286.

Court of Appeals of Indiana,
Second District.

May 26, 1983.

James R. Fleming, Howard County Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Harold K. Brook (Brook) appeals his conviction under I.C. 35–23–9.1–2 (Burns Code Ed., Supp.1982) of dealing in sawed-off shotguns raising the issue whether there was sufficient evidence to convict him:

1) because his shotgun, with its overall length of 29 inches, did not fall within the definition of "sawed-off" in I.C. 35–23–9.-1–1 (Burns Code Ed., Supp.1982), and

2) because he merely possessed the weapon.

We affirm.

## I.

By consent of Brook's girlfriend, Kokomo police searched her apartment and found hidden a twelve-gauge shotgun belonging to Brook. The weapon had been modified to have a 15⅞ inch barrel length and an overall length of 29 inches.

I.C. 35–23–9.1–1 provides in pertinent part:

"Sawed-off shotgun" means a shotgun having one (1) or more barrels less than eighteen (18) inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than twenty-six (26) inches.

Brook contends his shotgun was not "sawed-off" because it did not have a barrel length of less than eighteen inches *and* an overall length of less than twenty-six inches as required by the statute. Brook's reading of the statute is erroneous.

Brook relies on the use of the conjunction, "and," within I.C. 35–23–9.1–1. Brook is correct in his assertion the con-

junctive "and" and the disjunctive "or" are not interchangeable. *Barr v. Sun Exploration Co.* (1982) Ind.App., 436 N.E.2d 821. If the statute defined sawed-off shotgun as "a shotgun having one or more barrels less than eighteen inches in length and an overall length of less than twenty-six inches" we would agree with Brook's interpretation of the statute as containing dual requirements of barrel length and overall length.

■ However, the conjunction "and" is immediately followed by the phrase "any weapon made from a shotgun (whether by alteration, modification or otherwise)...." All statutory language is deemed to have been used intentionally and words or clauses in a statute are to be treated as surplusage only in the absence of any other possible course. *Sidell v. Review Bd.* (1982) Ind. App., 428 N.E.2d 281. Therefore, although the conjunctive "and" is used, it is evident from the plain language of I.C. 35–23–9.1–1 the statute is not, as Brook contends, setting forth a single definition of sawed-off shotgun which contains two requirements. Rather, I.C. 35–23–9.1–1 provides two definitions: 1) a shotgun having one or more barrels less than eighteen inches, and, 2) any weapon made from a shotgun if its overall length is less than twenty-six inches.

■ In reading the plain language of the statute we carry out our primary duty of giving effect to the intention of the legislature. *Marion County Dep't. of Public Welfare v. Methodist Hosp.,* (1982) Ind. App., 436 N.E.2d 123, 126. Indispensable to the determination of legislative intent is a consideration of the reasons and policy which underlie the statute and the goals sought to be attained. *Frost v. Review Bd.,* (1982) Ind.App., 432 N.E.2d 459. We believe a careful reading of the definitions of sawed-off shotgun provided in I.C. 35–23–9.1–1 reveals two legislative intentions. The overall rationale for the legislative ban

of sawed-off shotguns centers on their concealability and therefore likely use for criminal purposes rather than for sport or hunting. The statutory scheme precludes "any weapon made from a shotgun... if such weapon as modified has an overall length of less than twenty-six (26) inches" because such a shotgun is considered concealable and therefore, undesireable by the legislature, notwithstanding any possible use for hunting.

Secondly, we believe the legislature, while condemning sawed-off shotguns when used as weapons, recognized the legitimate use of shotguns for hunting and sporting purposes. Thus, "a shotgun having one (1) or more barrels less than eighteen (18) inches in length" is forbidden because with such a barrel length a shotgun has a decreased range and therefore minimal utility as a hunting and sporting tool. Its chief value is as a weapon, regardless of its overall length and concealability.

■ Brook's shotgun, with its barrel length of less than eighteen inches, comes within one of the statutory definitions of sawed-off shotgun. The overall length of his shotgun is irrelevant.

## II.

Brook also argues the evidence was insufficient to convict him of dealing in sawed-off shotguns under I.C. 35–23–9.1–2 because the evidence showed he merely "possessed" the sawed-off weapon.[1] I.C. 35–23–9.1–2(a), provides:

"A person who manufactures or causes to be manufactured, imports into this state, keeps for sale or offers or exposes for sale, or who gives, lends, or possesses any sawed-off shotgun commits dealing in sawed-off shotguns, a class D felony."

Applying the concept of *ejusdem generis,*[2] Brook contends the words "manufactures or

---

1. Brook concedes he was in possession of the weapon in issue. Appellant's brief at 4.

2. The concept has been characterized by our Supreme Court as follows:

"[W]hen words of specific or limited signification in a statute are followed by general words of more comprehensive import, the general words are construed to embrace only such things as are of like kind or class with those designated by the specific words, unless a contrary intention is clearly expressed.

causes to be manufactured, imports... keeps for sale or offers or exposes for sale... gives, lends," are specific; therefore, the "general" word "possession" must be construed to mean possession *with the intent to* do one of the specific acts previously enumerated. Brook is in error.

 In the absence of a contrary indication, unambiguous words and phrases used by the legislature are given their plain, ordinary meaning. *Park 100 Dev. Co. v. Indiana Dep't. of State Revenue,* (1981) Ind., 429 N.E.2d 220, 222; *Marion County Dep't. of Public Welfare v. Methodist Hosp.,* 436 N.E.2d at 126; *Sidell v. Review Bd.,* 428 N.E.2d at 284. We find nothing within I.C. 35–23–9.1–2 to indicate the legislature intended possession to have anything other than its plain meaning.[3]

We find Brook's argument to be meritless for an additional reason. Brook's interpretation of the word possession in I.C. 35–23–9.1–2 as "possession with an intent to" would read into the statute a requirement of specific intent where one possesses a sawed-off shotgun. There is nothing within I.C. 35–23–9.1–2 or within the chapter concerning sawed-off shotguns, I.C. 35–23–9.1–1 to –3 (Burns Code Ed., Suppl.1982), indicating possession of a sawed-off shotgun was intended as a crime of specific rather than general intent. *See generally,* I.C. 35–41–2–2 (Burns Code Ed., Repl.1979) (codification of degrees of mental intent); I.C. 35–41–3–5 (Burns Code Ed., Suppl.1982) (voluntary intoxication defense only to extent negates element "with intent to" or "with an intention to"); *Carter v. State,* (1980) Ind.App., 408 N.E.2d 790.

 Finally, although the doctrine of *ejusdem generis* is available where appropriate as an aid to statutory construction, its use is not mandatory. More importantly, the doctrine may not be used to defeat the primary rule of statutory construction, giving effect to the intent of the legislature. *Kidwell v. State,* (1967) 249 Ind. 430, 230 N.E.2d 590, *cert. denied* (1968) 392 U.S. 943, 88 S.Ct. 2326, 20 L.Ed.2d 1405; *Hough v. Zehrner,* (1973) 158 Ind.App. 409, 302 N.E.2d 881.

 The evidence Brook possessed a sawed-off shotgun is sufficient to convict him under I.C. 35–23–9.1–2, dealing in sawed-off shotguns.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

*Kidwell v. State,* (1967), 249 Ind. 430, 432, 230 N.E.2d 590, 591, *cert. denied,* (1968) 392 U.S. 943, 88 S.Ct. 2326, 20 L.Ed.2d 1405.

3. The term "dealing" as it appears in I.C. 35–23–9.1–2 is obviously used in the broad sense of a course of conduct as opposed to the limited sense in which it is used in other statutes such as those which define the offense of dealing in controlled substances. *Compare* I.C. 35–23–9.1–2 *with* I.C. 35–48–4–2 (Burns Code Ed. Supp.1982), I.C. 35–48–4–3, –4 (Burns Code Ed.Repl.1979), I.C. 35–48–4–4.5 (Burns Code Ed.Supp.1982) and I.C. 35–48–4–7 (Burns Code Ed.Repl.1979). In any event, the essence of an offense is its elements and not its title.