**STATE of Minnesota, Appellant,**

v.

**Bradley R. FREEBERG, Respondent.**

**No. C5–86–248.**

Court of Appeals of Minnesota.

July 22, 1986.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael Richardson, Asst. Co. Atty., Minneapolis, for appellant.

Larry Rapoport, Rapoport, Wylde & Hunter, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

The state appeals from a trial court order setting aside respondent Bradley Freeberg's 1978 conviction for conspiracy pursuant to Minn.Stat. § 609.175, subd. 2(3) (1984). Respondent pleaded guilty to the charges and was sentenced. Appellant claims the trial court erred when it set aside Freeberg's conviction under Minn. Stat. § 609.166 (1984) because he was over 21 years of age at the time he committed the crime. We reverse.

## FACTS

Respondent Bradley Freeberg, born July 16, 1954, pleaded guilty to conspiracy (unlawful sale of schedule III controlled substance) in February 1978. He was sentenced in March 1978, to two and one-half years in prison with execution stayed, and two and one-half years probation. The court agreed to consider changing the sentence to a stay of imposition when Freeberg successfully completed probation.

In October 1985, respondent moved to set aside his conviction pursuant to Minn. Stat. § 609.166, or, alternatively, to modify the sentence to a stay of imposition. The court modified the sentence to a stay of imposition on January 2, 1986 and set a hearing to consider respondent's request to set aside the conviction. The state opposed this motion because Freeberg did not meet all the requirements of Minn.Stat. § 609.-166, specifically, subd. (a) requiring a convicted person to be under age 21 when the offense was committed.

The trial court set aside Freeberg's convictions on January 13, 1986.

## ISSUE

Did the trial court err when it set aside respondent's conviction pursuant to Minn. Stat. § 609.166?

## ANALYSIS

Freeberg moved to set aside his conviction pursuant to Minn.Stat. § 609.166 (1984) which provides:

609.166. Convictions, setting aside in certain instances.

Any person who is convicted of or pleads guilty to a felony, gross misdemeanor or misdemeanor may move the convicting court for the entry of an order setting aside the conviction where:

(a) the offense was committed before he was 21 years of age;

(b) five years have lapsed since the person has served the sentence imposed upon him or has been discharged from probation, and during the five year period the person has not been convicted of a felony or gross misdemeanor; and

(c) the offense is not one for which a sentence of life imprisonment may be imposed.

The trial court determined that Freeberg met the requirements of subsection (b) and set aside his conviction.

Appellant argues that respondent must meet all three requirements, (a), (b), and (c), before a court can set aside his conviction. Respondent claims the statute permits the court to set aside a conviction when the offense was committed by a person not yet 21 years old *or* if the offense was committed after he was 21 years old and he meets the requirements of (b) and (c). We agree with appellant.

Under respondent's interpretation of the statute (that the requirements are severable), an under–21 offender is not required to meet the conditions of sections (b) and (c). This result would be absurd.

It is well settled that courts may presume that the legislature does not intend an absurd result. *Salmen v. City of St. Paul,* 281 N.W.2d 355, 361 n. 8 (Minn.1979). *See also* Minn.Stat. § 645.17(1) (1984). Respondent's interpretation would result in permitting courts to set aside convictions of offenders under 21 years of age whether or not they meet the requirements of sections (b) and (c).

 Courts should give a reasonable and sensible construction to criminal statutes. *State v. Suess,* 236 Minn. 174, 183, 52 N.W.2d 409, 415 (1952). In choosing between possible definitions of a statutory term, courts must accept the interpretation which is more logical and practical. *See Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co.,* 285 Minn. 511, 515, 171 N.W.2d 728, 732 (1969). We find that the legislature enacted Minn.Stat. § 609.166 to provide for setting aside convictions of young offenders who meet certain conditions.

## DECISION

The provisions of Minn.Stat. § 609.166 are not severable. The trial court erred in setting aside respondent's conviction.

Reversed.