BOARD OF SCHOOL TRUSTEES OF the SCHOOL TOWN OF SPEEDWAY, and Dale Weller, Superintendent, School Town of Speedway, Appellants (Plaintiffs Below),

v.

INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD, Raymond L. Green, as Chairman of the Indiana Education Employment Relations Board, Speedway Classroom Teachers Association, Finis Jent, as President of the Speedway Classroom Teachers Association, and George Roe, individually and as Chairperson of the Bargaining Team of the Speedway Classroom Teachers Association, Appellees (Defendants Below).

No. 1–1185A290.

Court of Appeals of Indiana,
First District.

Oct. 22, 1986.

Rehearing Denied Dec. 1, 1986.

Richard D. Wagner, Anthony W. Mommer, Krieg DeVault Alexander & Capehart, Indianapolis, for appellants.

Richard J. Darko, Robert G. Zeigler, Tabbert, Cremer & Capehart, Indianapolis, Eric Allen Free, Brand, Tosick & Allen, Greenfield, for appellees.

Melinda L. Selbee Indiana School Boards Ass'n. Indianapolis, for amicus curiae.

ROBERTSON, Presiding Judge.

The plaintiffs-appellants Board of School Trustees of the School Town of Speedway and Dale Weller, Superintendent of the School Town of Speedway (collectively referred to as School hereafter) appeal from a trial court judgment affirming a decision of the defendant-appellee Indiana Education Employment Relations Board (IEERB) which was favorable to the defendants-appellees, Speedway Classroom Teachers Association, Finis Jent, President of the Speedway Classroom Teachers Association, and George Roe, individually and as Chairperson of the Bargaining Team of the Speedway Classroom Teachers Association (the latter three appellees collectively referred to hereafter as SCTA).

Because we reverse, the only issue to be discussed is stated by the School as being:

Whether newly created positions in a school which are excluded from the bargaining unit by statute or by a collective bargaining agreement must nevertheless be included in the bargaining unit unless they are additionally excluded by a separate special agreement between the School and the exclusive representative or by a special "unit determination" conducted by the IEERB.

Facts giving rise to this appeal show that the School hired a mathematics teacher in August, 1983, to replace another mathematics teacher who resigned two weeks prior to the beginning of the school year. The new teacher was also assigned the position of football statistician at an additional salary of $500 per year. The position was an extra-curricular activity assigned to the football coaching staff. The new teacher was hired without any notice to, or discussion with, the SCTA. Also in August of 1983, the School, acting through the board of trustees, approved a contract which placed Paul Guernsey in the new position of Computer Coordinator. Guernsey was to train and supervise teachers of computer courses. In addition to evaluat-ing computer teachers for their computer related performance, Guernsey served on three committees whose purpose was to develop the direction of the school system in the use of computers. In a similar manner the new position of Guidance Coordinator was assigned to Vickie Ferrell. The Guidance Coordinator assigned and supervised the work of two counselors as well as training and evaluating one of the counselors. Additionally, Ferrell constructed the master teaching schedule for the high school and made recommendations to the administration about staffing and teacher assignments. Ferrell maintained student records, served on an advisory committee, and made final decisions pertaining to her department. As in the case of the mathematics teacher, the computer and guidance counselor positions and salaries were not discussed with the SCTA.

The SCTA filed a complaint with IEERB who ruled that the School had violated the provisions of IND.CODE 20–7.5–1–12(c) and IND.CODE 20–7.5–1–7(a)(1) by implementing three new positions in the bargaining unit without prior discussion and bargaining. Upon judicial review the trial court ruled:

The Court, having duly considered the record and the arguments in this matter, hereby orders, adjudges and decrees that the IEERB's Finding of Fact, discussion and Conclusions of Law be, and they hereby are, adopted in their entirety; that the School Board is ordered to discuss with the Association the changes caused by the implementation of the *new Football Statistician, Guidance Coordinator* and *Computer Coordinator* positions in the 1983–84 school year; that the School Board is ordered to bargain with the Association the salary for these three new positions retroactively for the 1983–84 school year and thereafter and to pay back pay to these individuals; and that the School Board is ordered to cease and desist, now and in the future, from refusing to give notice to the Association and from refusing to discuss and bargain

the implementation of new positions in the bargaining unit. (Our emphasis).

■ We are of the opinion that under the facts of this case the positions under scrutiny are, as a matter of law, excluded from the bargaining unit. First, the collective bargaining agreement between the School and the SCTA only includes personnel who have "no administrative or supervisory responsibilities". I.C. 20–7.5–1–2(h) defines a supervisor as:

> "supervisor" means any individual who has: (i) authority, acting for the school corporation, to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward or discipline school employees, or (ii) responsibility to direct school employees and adjust their grievances, or (iii) effectively to recommend the action set out in these categories; provided, however *that exercise of the foregoing authority is not of a merely routine or clerical nature but requires the use of independent judgment.* Supervisors shall include, but not be limited to, superintendents, assistant superintendents, business managers and supervisors, or directors with school corporation-wide responsibilities, principals and vice-principals or department heads who have responsibility for evaluating teachers. (Emphasis added).

■ The statutes do not define "administrative"; as a result, it is permissible to give the word its plain and ordinary meaning.[1] *Brook v. State,* (1983) Ind.App., 448 N.E.2d 1249.

It is the SCTA position that the School should have commenced a unit determination procedure, as sanctioned by 560 IAC 1–2–1 et. seq. and 560 IAC 1–3–1 et seq., to ascertain whether the questioned positions were included in the bargaining unit. Failure to do so, it is argued by the SCTA, constitutes a waiver on the part of the School and makes the new positions part of the bargaining unit.

■ We are of the opinion that this argument is incorrect for two reasons. A reading of the foregoing regulations indicates that the unit determination procedure is available to both sides. It is not unreasonable to conclude that if the School waived the matter by failing to seek a unit determination then the SCTA also waived any defense in that regard by failing to seek a unit determination. More important, however, in our view is the fact that the SCTA position fails to take into consideration the plain language of both the collective bargaining agreement and the statute which clearly excludes supervisors and administrators from the bargaining unit as a matter of law. Even if it is true, as the School argues, that IEERB has a policy that all newly created positions are included in the bargaining unit, unless excluded by agreement or after a unit determination hearing, then we believe that policy to be suspect in light of the statute which clearly excludes supervisors and administrators from the bargaining unit.

Judgment reversed.

RATLIFF and NEAL, JJ. concur.

---

1. "pertains to administration, especially management, as by managing or conducting, directing, or superintending the execution, application, or conduct of persons or things." *Black's Law Dictionary* (Fourth Ed.) p. 66.