BOARD OF SCHOOL TRUSTEES of the SCHOOL TOWN OF SPEEDWAY, and Dale Weller, Superintendent, School Town of Speedway, Appellants (Plaintiffs Below),

v.

INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD, Raymond L. Green, as Chairman of the Indiana Education Employment Relations Board, Speedway Classroom Teachers Association, Finis Jent, as President of the Speedway Classroom Teachers Association, and George Roe, individually and as Chairperson of the Bargaining Team of the Speedway Classroom Teachers Association, Appellees (Defendants Below).

No. 1–1185 A 290.

Supreme Court of Indiana.

July 2, 1987.

Richard D. Wagner, Anthony W. Mommer, Krieg, DeVault, Alexander & Capehart, Indianapolis, for appellants.

Melinda L. Selbee, Indiana School Bds. Ass'n, Indianapolis, for amicus curiae.

Richard J. Darko, Robert G. Zeigler, Tabbert, Cremer & Capehart, Indianapolis, Eric Allen, Free, Brand, Rosick & Allen, Greenfield, for appellees.

DeBRULER, GIVAN, and PIVARNIK, JJ., vote to deny transfer without opinion.

SHEPARD, Chief Justice, dissenting from denial of transfer.

This litigation arose when the Trustees of the School Town of Speedway added three staff positions in the fall of 1983, a part-time football statistician, a computer coordinator, and a guidance coordinator. The Speedway Classroom Teachers Association filed a complaint with the Indiana Education Employment Relations Board,

alleging that the School Trustees had violated the Certified Educational Employee Bargaining Act, Ind.Code § 20–7.5–1–1 *et seq.*, particularly §§ 20–7.5–1–12 and 20–7.5–1–7(a)(1), by establishing these posts without prior consultation or bargaining. The Board found that the respondents had violated the Act and ordered the School Trustees and the Superintendent to bargain with the Association concerning the three positions.

The School Trustees filed a request for judicial review, and the trial court upheld the decision of the Board. The Court of Appeals reversed, concluding that all three positions were "supervisory" within the meaning of Ind.Code § 20–7.5–1–2(h) and thus not subject to bargaining because the contract between the School Trustees and the Teachers Association "only includes personnel who have 'no administrative or supervisory responsibilities.'" *Board of School Trustees v. Indiana Education Employment Relations Board* (1986), Ind. App., 498 N.E.2d 1006, 1008.

The Indiana Education Employment Relations Board and the Teachers Association seek transfer. Among other grounds, they argue that the Court of Appeals has done some damage to the regulatory framework which the General Assembly has provided to oversee labor relations between teachers and school boards. To determine whether it must bargain over a new position, appellees say, a school board must either consult with its teachers association or request that the Education Employment Relations Board determine whether the position is within the unit. They cite Board decisions which affirm this rule. *E.g., Whitko Community School* (1979), U–79–43–0235, 1979 IEERB Ann.Rep. 834. In this case, the School Trustees did neither.

By reviewing the underlying evidence concerning the duties of the three positions, appellees say, the First District has cast doubt on the procedures which the Board uses to carry out its duties. Does a school board have any obligation to discuss new positions with its teachers representatives? Is there a presumption concerning whether new positions are inside or outside the bargaining unit? Does a school board have an obligation to seek a unit determination when it adds a new position?

These are not idle questions which affect only the football statistician at Speedway High School. They are questions which arise in dozens of Indiana school corporations every year. The Court of Appeals has resolved this litigation largely by examining the definition of the term "supervisor." The importance of the question of administrative law presented leads me to dissent from the Court's decision not to take the case.

DICKSON, J., votes to grant transfer and joins in this dissent.