BOARD OF SCHOOL TRUSTEES OF the MARION COMMUNITY SCHOOLS, Appellant (Defendant Below),

v.

MARION TEACHERS ASSOCIATION and Jim Templin, in his capacity as President of the Marion Teachers Association, Appellee (Plaintiff Below),

and

Indiana Education Employment Relations Board and Raymond L. Green, Chairman, Appellee (Defendant Below).

No. 29A04–8712–CV–390.

Court of Appeals of Indiana, Third District.

Nov. 21, 1988.
Rehearing Denied Jan. 17, 1989.

Richard D. Small, Jr., Abbott, Rund, Small & Goerges, Indianapolis, for appellant.

Richard J. Darko, Richard S. Pitts, Lowe, Gray, Steele & Hoffman, Indianapolis, for appellees.

HOFFMAN, Judge.

On September 25, 1985, the Marion Teachers Association and the Board of School Trustees of the Marion Community Schools entered a collective bargaining agreement for the 1985–1986 school year.

On October 25, 1985, the School Board filed a petition for unit clarification with the Indiana Education Employment Relations Board (I.E.E.R.B.). The School Board petitioned to exclude the positions of assistant athletic director, head high school boy's basketball coach and head high school football coach from the teacher's bargaining unit.

The I.E.E.R.B. determined that the three positions were supervisory and should be excluded from the bargaining unit. *Marion Community Schools v. Marion Teachers Association* (1986) I.E.E.R.B. Annual Report 48, 54. The Marion Teachers Association filed a petition for judicial review of the agency's action. The petition was granted. The trial court concluded that the I.E.E.R.B.'s adjudication of the case was in excess of its statutory jurisdiction. The School Board appeals the trial court decision.

The School Board argues that the trial court erred in its interpretation of the goals and underlying policy of the Certificated Educational Employee Bargaining Act (the Act), IND.CODE § 20–7.5–1–1 *et seq.* (1982 Ed.).

The trial court found that the I.E.E.R.B. was in excess of its statutory jurisdiction set out at IND.CODE § 20–7.5–1–10(a), which reads in part:

"(1) the parties may agree on the appropriate unit. For this purpose the parties shall consist of the school employer and a school employee organization representing twenty percent (20%) or more of the school employees in any proposed unit. (2) If no such agreement is reached, or if any school employee in the proposed unit files a complaint to such unit with the board [I.E.E.R.B.], the board shall determine the proper unit...."

The trial court concluded that the I.E.E.R.B. is prohibited from ruling on a unit determination petition when the parties have agreed on the appropriate unit and no school employee has filed a complaint to the unit.

When construing any statute, a determination of legislative intent is imperative and that intent should be given deference whenever possible. Intent may be discerned from a consideration of the goals and the policy underlying the statute. *United Rural Elec. v. Ind. & Mich. Elec.* (1987), Ind.App., 515 N.E.2d 1135, 1138. The trial court's ruling counters the legislature's intent. The legislature enacted an administrative scheme empowering the I.E.E.R.B. to adjudicate unit determination petitions and resolve questions concerning composition of teacher's bargaining units.

The teacher's collective bargaining act does not grant the right to enter an illegal contract. *South Bend Com. School v. Nat. Educ. Ass'n* (1983), Ind.App., 444 N.E.2d 348, 353. Supervisors are excluded from teacher bargaining units as a matter of law.

IND.CODE § 20–7.5–1–2(e), (k), (*l*) (1982 Ed.);

*Board of School Trustees v. Indiana Educ.* (1986), Ind.App., 498 N.E.2d 1006, 1008.

The Act does not sanction an illegally composed bargaining unit. The legislature's goal was to have the I.E.E.R.B., a nonparty agency with expertise in the field of educational employment law, determine wheth-

er an educational employee is a supervisor and excluded from the bargaining unit. A collective bargaining contract should not bar I.E.E.R.B. review of a unit determination petition filed by a school employer when that unit illegally includes supervisory personnel.

The legislature excluded unit determinations as a subject of the collective bargaining process. IND.CODE § 20–7.5–1–4 and 5 (1982 Ed.). The following I.E.E.R.B. regulation correctly allows unit determination petitions from school employers or school employees and their organizations when a collective bargaining contract exists:

"Unit Clarification. The election bar, recognition bar, and contract bar, as set forth in Sec. 213.1, 213.2, 213.3 shall not operate to bar proceedings initiated by a petition for unit clarification or amendment on new positions not in existence at the time of the last unit determination. No petition may be filed for a unit clarification where the Board has made a unit clarification decision within the previous twelve (12) months." 560 I.A.C. 1–2–13, I.E.E.R.B. Rule 213.4 (1987).

The I.E.E.R.B. regulation harmonizes with the Act's overall structure. The regulation and the statute's policy intends that questions concerning the composition of bargaining units be resolved by the I.E.E.R.B. and not relegated to the collective bargaining process.

It is well-settled principle of law that an agency's interpretation of the statutory scheme it administers is entitled to judicial deference. *Madison Area Educ. v. Ind. Educ. Emp. Rel.* (1985), Ind.App., 483 N.E. 2d 1083, 1087. Another recognized rule of statutory construction is that if the legislature fails to change a statute administered by a state agency, then this inaction indicates the legislature's acquiescence in and satisfaction with the administrative construction. A long adhered to administrative interpretation dating from the legislative enactment, with no subsequent change having been made in the statute involved, raises a presumption of legislative acquiescence which is strongly persuasive upon the courts. *Baker v. Compton et al.* (1965), 247 Ind. 39, 42, 211 N.E.2d 162, 164.

This excerpt from an I.E.E.R.B. ruling demonstrates that the requirements for application of the legislative acquiescence doctrine have been satisfied:

"The I.E.E.R.B. has received and processed unit clarification petitions since the implementation of the Act. These petitions have been submitted by both school employers and school employee organizations and since 1974, most such petitions have been received while a contract was in effect. I.E.E.R.B. Hearing Officers faced with this premise in several prior cases, denied similar motions and proceeded to process the cases."

*Cannelton City Schools v. Cannelton Classroom Teachers Association* (1980) I.E.E.R.B. Annual Report 42, 44.

The I.E.E.R.B. has consistently reviewed unit clarification petitions according to the legislature's goals and underlying policy since the inception of the teacher's bargaining act. That process should not be altered.

The trial court erred in ruling that the I.E.E.R.B. was in excess of its statutory jurisdiction in adjudicating a petition for unit clarification filed by a school employer when a collective bargaining contract was in effect. The I.E.E.R.B.'s order is affirmed. The trial court is reversed.

REVERSED.

CONOVER, P.J., and STATON, J., concur.