**LAWRENCE TOWNSHIP EDUCATION ASSOCIATION and Dorothy Boruff, in Her Capacity as President of the Lawrence Township Education Association, Petitioners–Appellants,**

**v.**

**INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD, Raymond L. Green, Chairman of the Indiana Education Employment Relations Board, and Board of School Trustees of Metropolitan School District of Lawrence Township, Marion County, Indiana, Respondents–Appellees.**

No. 29A02–8711–CV–461.

Court of Appeals of Indiana, Third District.

April 19, 1989.

Richard J. Darko, Richard S. Pitts, Lowe Gray Steele & Hoffman, Indianapolis, for petitioners-appellants.

Charles R. Rubright, Bose McKinney & Evans, Indianapolis, for respondents-appellees.

GARRARD, Presiding Judge.

This appeal is from judicial review of the decision of the Indiana Education Employment Relations Board (IEERB) in a unit clarification proceeding under the school employee bargaining act, IC 20–7.5–1–2 *et seq.*

The act excludes supervisors from the bargaining unit. IC 20–7.5–1–2; *Bd. of School Trustees v. Marion Teachers Ass'n.* (1988), Ind.App., 530 N.E.2d 309. In the clarification proceeding the board determined that the athletic director, the head football coach and the head basketball coach were supervisors within the meaning

of the act and should, therefore, be excluded from the bargaining unit.

It is agreed that the person occupying each of those positions makes effective recommendations concerning the hiring, discharge, assignment, transfer and promotion of other coaches. The issue is whether that activity is sufficient to make them supervisors within the meaning of the act.

The statutory definition of "supervisor" requires that the person in question have authority or responsibility over *school employees*. IC 20–7.5–1–2(h).

The act limits the term "school employee" to "any full-time certificated person in the employment of the school employer." [1] IC 20–7.5–1–2(e). A certificated person is one whose contract with the school corporation requires that he hold a license or permit with the state board of education or a commission thereof. IC 20–7.5–1–2(f).

In the case before us the association points out that the school corporation has no absolute requirement that coaches be certificated. In other words, the school may employ a non-teacher to coach if it chooses to do so.

From this the association argues that the athletic director and two head coaches in question fail to meet the definition of "supervisor" for two reasons. First, since the other (supervised) coaches need not be certificated, their supervision does not constitute supervision of a school employee as required by the statutory definition of "supervisor." Secondly, even if the other coaches happen to be certificated, their coaching duties are outside the requirements of their school employee contract and therefore the supervision of those duties is not within the meaning of the act.

The argument has some technical merit but we believe it ignores the broader purpose of the act. For reasons substantially the same as those underlying the National Labor Relations Act, 29 U.S.C.S. § 151 *et seq.*, the act forbids the inclusion of supervisors in a collective bargaining unit of rank and file school employees.

The determination of supervisory status is fact sensitive. Thus, the definitional section, IC 20–7.5–1–2(h), calls for examination of whether the person may effectively recommend certain actions, whether his exercise of authority is merely routine or clerical, and whether it requires the use of independent judgment.

Neither state statute nor regulation adopted by the State Board of Education requires the licensing of coaches. The school corporation has no requirement that they be certificated. Yet we need not shut our eyes to the fact that school corporations prefer coaches who also teach in the system because of the greater control, both real and psychological, that this affords the corporation over the coach's conduct. Neither need we ignore the fact that teachers regularly participate in a variety of extracurricular school activities, and that coaching is often a welcome means of supplementing teacher salaries. It may even provide the primary motivation to be a teacher. In short, coaching duties are usually interrelated with curricular activities. Indeed, as the board noted in its decision, the 1982–1985 collective bargaining agreement between the association and the school corporation recognizes the interrelation by treating this as a bargaining subject and providing that coaches could not be dismissed from a coaching assignment without observation, written warning and written suggestions for improvement.

The definitional language of the act constrains us to hold that if a coach's supervisory activities are applied only to coaches who are non-certificated persons, then that coach is not a supervisor within the meaning of the act because he does not supervise (certificated) school employees.

On the other hand, where the coach supervises (certificated) school employees, the coach is a supervisor within the meaning of the act even though his supervisory function applies only to the extracurricular school activities of those school employees.

---

**1.** The same section then provides an exclusion of "supervisors, confidential employees, employees performing security work and noncertificated employees."

He is occupying the role and is called upon to perform as a supervisor within the intent of the act and the purpose of exclusion. It is therefore unnecessary to determine the exact connection, if any, between the discipline or discharge of a school employee coach *qua* coaching and his retention, assignment, etc. in curricular activities.

The findings of the board, however, are wholly silent as to whether the coaches who were supervised in the present case were, or at least included, school employees, i.e., full time certificated employees.

Since the board failed to make such a finding, the trial court was not empowered to add it. *See, e.g., Baugo Comm. Schools v. I.E.E.R.B.* (1980), Ind.App., 412 N.E.2d 807. The school corporation concedes this.

It follows that the case should be remanded to the board for further proceedings consistent with this opinion.

Reversed and remanded.

STATON and CHEZEM, JJ., concur.